# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MICHAEL R. TURNER,

        Petitioner,    :    Case No. 2:24-cv-4092

- vs -        District Judge Edmund A. Sargus, Jr.
        Magistrate Judge Michael R. Merz

DOUGLAS FENDER, WARDEN,
 Northeast Correctional Institution,

        :
        Respondent.

## ORDER ALLOWING ADDITIONAL BRIEFING

This habeas corpus case is brought by Petitioner Michael Turner with the assistance of counsel Jospeh Medici, the Federal Public Defender for the Southern District of Ohio (Petition, ECF No. 4, PageID 73).

Convicted of aggravated murder in the deaths of his estranged spouse and her new boyfriend, Petitioner was initially sentenced to death. In Case No. 2:07-cv-595 he challenged his conviction and sentence under 28 U.S.C. § 2254. On his Motion the undersigned appointed Attorney Carol Wright from the Court's Criminal Justice Act Death Penalty Panel at the rate of $163.00 per hour (the rate then approved by the Judicial Conference of the United States) and William Lazarow from the Ohio Public Defender's Office at the rate of $75.00 per hour, a rate agreed upon by that office. Two counsel were appointed in accord with Judicial Conference recommendations for capital cases. Attorney David Stebbins substituted for Attorney Wright April 3, 2007, and continued on the case until it was terminated in August 2024.

This Court's Criminal Justice Act Plan mandates the appointment of two attorneys in capital habeas corpus cases. It permits, but does not mandate, appointment of counsel in non-capital cases. Given the intricacies of habeas corpus law, counsel would be of benefit to most habeas corpus petitioners as well as to the Court. However it has been the virtually uniform practice of this Court to deny appointment in non-capital habeas cases because of the need to preserve available funds for appointment in initial criminal proceedings and capital habeas corpus cases. Moreover, at least Attorney Medici's two predecessors as Federal Public Defender have declined appointment in non-capital cases.

Given the amount of time needed to exhaust state court remedies before coming to federal court, virtually all habeas petitioners in this Court are serving long sentences for murder, child sexual abuse, or as major drug dealers. Thus the Court cannot prefer Petitioner Turner for appointment of counsel on the basis of his life sentence. Many petitioners are ill and poorly educated, so Turner cannot be preferred on those bases. There is no discussion in the Motion for Appointment of counsel about compensation. Is Attorney Medici appearing without additional compensation beyond his salary or is he expecting that the Court would compensate him or his office as it does in original criminal proceedings? The Court is disinclined to appoint an "office" as opposed to a named attorney. The Magistrate Judge also sees no justification for appointing two attorneys when most petitioners get none.

Accordingly the Magistrate Judge will withhold decision on the Motion for Appointment of Counsel pending consideration of any additional argument Attorney Medici may wish to make not later than November 15, 2024.

November 4, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

2