# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MICHAEL R. TURNER,

        Petitioner,    :    Case No. 2:24-cv-4092

  - vs -        District Judge Edmund A. Sargus, Jr.
        Magistrate Judge Michael R. Merz

DOUGLAS FENDER, WARDEN,
 Northeast Correctional Institution,

        :

        Respondent.

## ORDER FOR ANSWER

This is an action brought pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus; Petitioner seeks release from a life sentence imposed as part of the judgment of a State court in a criminal action in which Petitioner was convicted of two counts of aggravated murder. Upon filing the case was assigned randomly to District Judge Edmund Sargus, one of the District Judges resident at the seat of court where the action was filed.

Pursuant to 28 U.S.C. § 636(b) and Amended General Order 22-05, In re: Assignment and Reference of Prisoner Cases to Magistrate Judges in the Southern District of Ohio (eff. Feb. 1, 2022) the case was randomly assigned to Magistrate Judge Stephanie Bowman. Pursuant to the same General Order, the Magistrate Judge reference was transferred to the undersigned to help balance the Magistrate Judge workload in the District and because of the reference to him of Petitioner's prior habeas corpus case arising from the same conviction.

Upon preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases,

1

the Court finds that it does not plainly appear from the face of the Petition and any exhibits attached thereto that the Petitioner is not entitled to relief in this Court. Accordingly, it is hereby ORDERED that Respondent shall, not later than sixty days from the date of this Order, file an answer conforming to the requirements of Rule 5 of the Rules Governing § 2254 Cases. Specifically, said answer shall respond to each allegation made in the Petition, comply with Rule 5(c) regarding transcripts, raise any affirmative defense relied on by Respondent, and state whether, from Respondent's perspective, any claim in the Petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations. Respondent may not file a motion to dismiss in lieu of the prescribed answer.

Before filing the answer, the Respondent shall file those portions of the state court record needed to adjudicate this case. The Court's CM/ECF Procedures Guide provides:

> 1.1 Unless permitted by these procedures or otherwise authorized by the assigned Judicial Officer or other rule, all documents submitted for filing in this District shall be electronically filed using the Case Management/Electronic Case Filing system ("CM/ECF") by converting each document into a searchable text PDF document and uploading it into CM/ECF.

(June, 2019, revision; available at www.ohsd.uscourts.gov.) Compliance with this rule is mandatory and needed for the Court's use of the record.

When the record is filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper right-hand corner of the page. All papers filed in the case thereafter by either party shall include record references to the PageID number. Prior to filing the state court record, the Warden's counsel shall ensure that any borders on parts of the record (typically, court reporter transcripts) do not obscure the PageID number when the page is filed. The record shall be indexed by insertion of "bookmarks" in the .pdf version of the state court record uploaded to the Court's CM/ECF system which display each

exhibit and the name of that exhibit in the record. Respondent may not file copies of documents from the prior cases, Case No. 2:07-cv-595, that show the PageID numbers assigned to the documents in that case. Fresh numbering is needed to effect disambiguation.

In the Petition, Turner's counsel has requested that the Court "6. Order the Respondent to provide the Court with a **complete** record of all proceedings in Turner's case;"[emphasis supplied] That request is declined. In the first instance, Respondent need only file those portions of the record it believes necessary to decide this case. Petitioner will, of course, have the opportunity to move to expand the record and presumably has, through his counsel, copies of documents filed in the prior case and in the state courts since then.

Petitioner has pleaded claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel. A claim of ineffective assistance of counsel impliedly waives the privilege as to any attorney-client communications relevant to any such claim. *In re Lott*, 424 F.3d 446 (6th Cir. 2005); *Tasby v. United States*, 504 F.2d 332 (8th Cir. 1974); *Randall v. United States,* 314 F.2d 800 (10th Cir. 1963); *United States v. Ballard*, 779 F.2d 287 (5th Cir. 1986); *Laughner v. United States*, 373 F.2d 326 (5th Cir. 1967); *Crutchfield v. Wainwright*, 803 F.2d 1103 (11th Cir. 1986). The Court finds that Petitioner has waived the attorney-client communication privilege for any communications relevant to his claims made in the Petition.

As required by Fed.R.Civ.P. 5, a complete copy of the answer and state court record with the PageID numbers and "bookmarks" must be served on Petitioner at the time of filing.

Petitioner may file and serve a reply to the answer not later than twenty-one days after the answer is filed.

In addition to the ultimate relief sought and the request for a complete record, Petitioner includes the following in his Prayer for Relief: The Court is requested to 2. Permit Turner, who is

3

indigent, to proceed *in forma pauperis*; 3. Grant Turner the authority to obtain subpoenas *in forma pauperis* for witnesses and documents necessary to prove the facts alleged in this Petition; 4. Conduct an evidentiary hearing; . . . 8. Grant Turner leave to further amend his Petition as necessary; 9. Grant Turner leave to conduct discovery; 10. Permit expansion of the record with any documents and/or testimony necessary to resolve the Petition." (Petition, ECF No. 4, PageID 72-73). The request to proceed *in forma pauperis* has already been granted (Notation Order, ECF No. 6). The remaining listed requests are denied without consideration of the merits and without prejudice to their renewal at the appropriate time and in separate motions, supported as required by S. D. Ohio Civ. R. 7.2. Petitioner's counsel are reminded of the severe limits placed on additions to the record by *Cullen v. Pinholster,* 563 U.S. 170 (2011).

Pursuant to permission given by Congress at 28 U.S.C. §636(c)(2), the undersigned reminds the parties of his ability to exercise plenary jurisdiction in this case upon their consent. The parties of course remain completely free to withhold consent without any adverse substantive consequences. Counsel for the parties shall convey their decision on whether or not to consent by telephone to Deputy Clerk Kelly Kopf at 937-512-1551 who will maintain the conversation in confidence until and unless there is unanimous consent.

The Clerk is directed to serve the Petition on Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section, c/o Brian.Higgins@ohioattorneygeneral.gov and Habeas.docketclerk@ohioattorneygeneral.gov.

November 5, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge
